[No. B088851. Second Dist., Div. Seven. Dec. 17, 1996.]

ROBERT ALBERT TUR, Plaintiff and Respondent, v.
CITY OF LOS ANGELES et al., Defendants and Appellants.

**COUNSEL**

James K. Hahn, City Attorney, Frederick N. Merkin, Assistant City Attorney, and George R. Lomeli, Deputy City Attorney, for Defendants and Appellants.

William A. Bergen for Plaintiff and Respondent.

**OPINION**

**JOHNSON, J.**—The trial court ruled public employees are not immune from liability for malicious prosecution if they instigate the prosecution

through fraudulent, corrupt or malicious misrepresentations. We hold the trial court misinterpreted the applicable immunity statutes and reverse the judgment for plaintiff.

### FACTS AND PROCEEDINGS BELOW

Plaintiff Robert Albert Tur is a free-lance reporter and owner of a helicopter news service. He makes his living responding to breaking news stories, videotaping the events and selling the tapes to local television stations. Defendants Patrick Quinn and Tony M. Varela are firefighters employed by defendant City of Los Angeles. Quinn is assigned to the fire department's helicopter unit; Varela is the department's legal liaison.

The events leading to this lawsuit began when Tur was covering Quinn's nighttime air hoist rescue of a fisherman stranded on the Los Angeles harbor breakwater. Quinn claimed that in filming the rescue, Tur trained a bright spotlight on Quinn's helicopter causing him to momentarily lose control, imperiling his crew and the fisherman they were attempting to rescue. Quinn took his complaint to the Federal Aviation Administration (FAA) which, after an investigation, exonerated Tur. Quinn and Varela then presented the same accusation against Tur to the Los Angeles City Attorney's office for prosecution without revealing the FAA adjudication or Tur's exculpatory evidence. Tur was charged in a criminal complaint with interfering with a firefighter in the performance of an official duty and operating an aircraft in a reckless manner. On the eve of trial, the city attorney dismissed the charges against Tur in the interests of justice after learning of the FAA adjudication and the exonerating evidence.

Tur then brought an action in federal court against Quinn, Varela and the city for violation of his civil rights. The federal court dismissed the case on the ground a remedy was available to Tur through an action for malicious prosecution in state court.

Following the dismissal of his federal civil rights suit, Tur filed the present action for malicious prosecution in the Los Angeles Superior Court. As discussed more fully below, the principal issue in the trial court was whether defendants were immune from liability for malicious prosecution under Government Code section 821.6[1] because Quinn and Varela were public employees acting within the scope of their employment when they instigated the FAA and criminal proceedings. Prior to trial, the court ruled section 821.6 was not applicable to this case. Rather, defendants' immunity,

---

[1] All statutory references are to the Government Code unless otherwise stated.

if any, was based on sections 818.8 and 822.2, which immunize public entities and public employees from liability for misrepresentations unless the employees are guilty of actual fraud, corruption or malice.

A jury found defendants liable to Tur and awarded him $550,000 in damages. Defendants filed a timely appeal. We reverse.

DISCUSSION

I. *Defendants Did Not Lose Their Immunity From*
*Liability for Malicous Prosecution.*

Section 821.6 states: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

 The plain language of section 821.6 and its legislative history demonstrate the Legislature intended this section to protect public employees from liability for malicious prosecution when they have acted within the scope of their employment. (Sen. Com. on Judiciary Rep. on Sen. Bill No. 42, 2 Sen. J. (1963 Reg. Sess.) 1885, 1890 (hereafter Senate Report); *Sullivan* v. *County of Los Angeles* (1974) 12 Cal.3d 710, 719 [117 Cal.Rptr. 241, 527 P.2d 865].) The immunity conferred by section 821.6 is not limited to peace officers and prosecutors but has been extended to public school officials (*Hardy* v. *Vial* (1957) 48 Cal.2d 577, 583 [311 P.2d 494, 66 A.L.R.2d 739]), heads of administrative departments (*White* v. *Towers* (1951) 37 Cal.2d 727, 731 [235 P.2d 209, 28 A.L.R.2d 636]), social workers (*Gensburg* v. *Miller* (1994) 31 Cal.App.4th 512, 518 [37 Cal.Rptr.2d 97]), county coroners (*Stearns* v. *County of Los Angeles* (1969) 275 Cal.App.2d 134, 137 [79 Cal.Rptr. 757]), and members of county boards of supervisors (*Dawson* v. *Martin* (1957) 150 Cal.App.2d 379, 382 [309 P.2d 915]).

Despite the fact section 821.6 clearly applies to actions for malicious prosecution, plaintiff convinced the trial court not to instruct the jury under that section but instead to instruct the jury defendants' immunity, if any, was governed by section 822.2. This section provides: "A public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption, or actual malice."

This section must be read together with section 818.8, which provides a public entity is not liable for injuries caused by the negligent or intentional misrepresentations of a public employee.

Plaintiff contends defendants Quinn and Varela initiated the FAA and criminal proceedings against him by misrepresenting the facts to FAA and prosecution officials and defendants made these misrepresentations with actual malice. Therefore, under the exception contained in section 822.2, defendants are not immune from liability for malicious prosecution because the prosecution was based on misrepresentations the defendants made with actual malice. In other words, despite the language in section 821.6 providing a public employee is immune from liability for malicious prosecution "even if he acts maliciously," plaintiff contends the employee is not immune if he makes a malicious misrepresentation.

Although we have found no case on point, we believe it is perfectly clear section 822.2 does not create an exception to a public employee's immunity from liability for malicious prosecution.

We observe at the outset, under section 822.2 a public employee's liability for misrepresentations made with "actual malice" is an exception to the immunity conferred by that section for intentional or negligent misrepresentations. Thus, for plaintiff's argument to make sense, the source of immunity from liability for malicious prosecution must be found in the general immunity for misrepresentations contained in section 822.2. If section 822.2 is not the source of defendants' immunity from liability for malicious prosecution, an exception to the immunity conferred by section 822.2 cannot be the source of their liability.

As we explained above, section 822.2 is not the source of defendants' immunity from liability for malicious prosecution. The source of their immunity is section 821.6, which confers an absolute immunity for malicious prosecution, even if the defendants "act maliciously" so long as they were acting within the scope of their employment. Because section 822.2 is not the source of defendants' immunity from liability for malicious prosecution, it is irrelevant whether they come within an exception to the immunity conferred by that section.

The purpose of sections 818.8 and 822.2 is to immunize public entities and their employees "from liability for misrepresentation or deceit, a 'tort distinct from the general milieu of negligent and intentional wrongs, [and which] applies to interferences with financial or commercial interest.' . . ." (*Bastian* v. *County of San Luis Obispo* (1988) 199 Cal.App.3d

520, 533 [245 Cal.Rptr. 78], citation omitted.) Deceit is the deception of another with intent to induce him to alter his position to his injury or risk. (Civ. Code, § 1709.) The Senate Report, in explaining the purpose of sections 818.8 and 822.2, stated these sections would provide a public entity and its employees "with protection against possible tort liability where it is claimed that an employee negligently misrepresented that the public entity would waive the terms of a construction contract requiring approval before changes were made." (Senate Rep., *supra*, at p. 1889.) The report made no reference to actions for malicious prosecution in discussing sections 818.8 and 822.2. Clearly, the present case is not an action for deceit. It is, and has been consistently described by plaintiff as, an action for malicious prosecution.

The Senate Report also notes the bill which enacted sections 818.8, 822.2 and 821.6 originally contained a section which would have imposed liability on public entities for malicious prosecution but that this section was deleted. (Senate Rep., *supra*, at p. 1888.) ▆▆ We have difficulty believing, after considering and placing on the record its decision to provide public entities and their employees with absolute immunity from liability for malicious prosecution, the Legislature, without any discussion, slipped in an exception to the employees' immunity.

Finally, the plaintiff's proposed exception would swallow the rule because in virtually every case of malicious prosecution the injured party can point to a "misrepresentation" in the generic sense of the word. It was precisely because the term " 'misrepresentation' potentially lends itself to extremely expansive and elusive interpretations" that our Supreme Court concluded the term "misrepresentation" as used in sections 818.8 and 822.2 only referred to the common law tort of deceit. (*Johnson* v. *State of California* (1968) 69 Cal.2d 782, 799-800 [73 Cal.Rptr. 240, 447 P.2d 352].)

For the reasons stated above, the trial court in this malicious prosecution case erred in instructing the jury on immunity for misrepresentations under section 822.2.

II. *Failure to Instruct the Jury on Immunity Under*
*Section 821.6 was Prejudicial Error.*

▆▆ Plaintiff argues even if the trial court erred in instructing the jury under section 822.2 the error was harmless because defendants were not entitled to an instruction under section 821.6. If defendants were not entitled to any immunity instruction, they cannot have been prejudiced by the immunity instruction the trial court gave.

According to plaintiff, defendants were estopped from seeking an instruction under section 821.6 and, in any event, defendants failed to produce sufficient evidence to support such an instruction. We disagree.

Plaintiff contends defendants sought dismissal of his federal civil rights action on the ground he had an adequate remedy in state court by way of a suit for malicious prosecution and the federal court dismissed his action based on this representation. Therefore, he asserts, defendants were estopped from arguing in state court they were immune from liability for malicious prosecution. Defendants' brief in federal court stated, "In this circuit, the general rule is that a claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system. [Citation.] In this matter, not only is a remedy available within the state judicial system concerning this cause of action, the court has already ruled on this issue . . . ." We do not view the position taken by defendants in the present proceeding as inconsistent with the position they took in federal court. A malicious prosecution action was available to plaintiff in state court. Defendants did not enjoy an unqualified immunity from suit. Their immunity would have depended on their proving by a preponderance of the evidence they were acting within the scope of their employment in doing the acts alleged to constitute malicious prosecution. We have found no authority for the proposition a state court remedy is only "available" if the defendant promises not to raise any defense to the action.

Plaintiff is also incorrect in claiming defendants waived their entitlement to an instruction under section 821.6 by failing to timely raise the issue in state court or submit an appropriate jury instruction. The record shows defendants raised their immunity under section 821.6 at every available opportunity right up to the eve of trial including making at least two motions for summary judgment. The day before trial started, the issue was argued again and the court ruled "the issue before this jury" will be "whether or not you can establish that which you have to establish in order to satisfy 822.2 . . . ." The trial court having ruled immunity under section 822.2, not 821.6, "will be the issue before this jury" it would have been a useless act for defendants to have submitted jury instructions on section 821.6.

The court having made a pretrial ruling it would not instruct under section 821.6, it is specious to argue the defendants were not entitled to such an instruction because they did not present evidence at trial to support it.

We conclude, therefore, the failure to instruct under section 821.6 was prejudicial error.

## DISPOSITION

The judgment is reversed. Appellants are awarded costs on appeal.

Lillie, P. J., and Woods, J., concurred.

Respondent's petition for review by the Supreme Court was denied March 19, 1997.