Filed 9/30/13  Babb v. Hall CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| JAMES BABB,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>KIM HALL et al.,<br><br>        Defendants and Respondents. | A136886<br><br>(Solano County<br>Super. Ct. No. FCS039502) |

Plaintiff James Babb, a state-prison inmate, alleges that Kim Hall, Sam Martin, and Janet Alcantara (collectively referred to as defendants) caused a false rules violation report to be filed against him in order to get him placed in administrative segregation and fired from his job at the prison bookbindery.  He further alleges that Alcantara retaliated against him for filing an administrative grievance regarding the false report.

Plaintiff filed this lawsuit, alleging that defendants violated his due process rights and committed various tortious acts against him, including false imprisonment, abuse of process, malicious prosecution, intentional and negligent infliction of emotional distress, defamation, and negligence.  The defendants demurred to these claims.  The trial court sustained the demurrer without leave to amend and plaintiff appealed the resulting judgment.

We conclude plaintiff's allegations do not state a cause of action because defendants are entitled to statutory immunity as to all claims except the one for false imprisonment.  The false imprisonment claim also fails because lawfully incarcerated

prison inmates have no legal grounds on which to state such a claim.  We therefore affirm the judgment.

## FACTS

Because we are reviewing an order sustaining a demurrer, we are required to accept as true the allegations of fact set forth in plaintiff's complaint.  (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865 (*City of Dinuba*).)  Therefore, the facts set forth in this opinion are taken from the allegations in plaintiff's pleading.

Plaintiff, an inmate incarcerated at California State Prison, Solano (CSP Solano), had worked in the prison's bookbindery for 20 years.  At the time relevant to this lawsuit, he was the lead operating inmate.  Defendants are employees of the Prison Industry Authority (PIA), a public entity within the California Department of Corrections and Rehabilitation that operates the CSP Solano bookbindery.  Hall and Martin worked there as supervisors.  Alcantara was an assistant superintendant.

Plaintiff came to believe that defendants no longer wanted him to work at the bookbindery.  As a result, in the months leading to February 2011, he refused to teach them what he knew about the facility's machines.  He also declined their requests to put particular inmates on certain machines because he believed defendants were trying to " 'set up' " the other inmates to get them removed from their work assignments.  He began taking notes at work to record his observations of defendants' actions.

On February 2, 2011, a wrench that plaintiff had been using went missing.  When plaintiff reported the missing tool, Alcantara called for security and requested that plaintiff be placed in administrative segregation.  Inmates who lose tools generally forfeit their jobs and are placed in administrative segregation.  The correctional officer who responded to Alcantara's call instead insisted that the wrench be found.  The tool was eventually found in a trash can near Hall's desk.  As a result, plaintiff was not placed in administrative segregation.

Two days later, Hall and Martin noticed plaintiff was taking notes at work and demanded to see what he was writing.  He refused to show them his notes, and began tearing up the paper and putting it in his mouth.  Martin went to call for security while

2

Hall continued to demand that plaintiff give him the pieces of paper. Plaintiff refused and walked quickly past Hall toward the exit of the bookbindery. Shortly thereafter, correctional officers arrived and escorted plaintiff back to his cell. They returned to discuss the incident with Hall and Martin. Hall informed the officers that plaintiff had physically bumped into him while walking out of the facility. As a result, plaintiff received a rules violation report for battery and was placed in administrative segregation pending a review and hearing. Hall subsequently told the investigating officers that he did not believe plaintiff intended to assault him. After a hearing, the rules violation report was dismissed and plaintiff was released from administrative segregation.

Plaintiff submitted an administrative grievance regarding Hall's false accusations and requested to be reinstated to his position at the bookbindery. Alcantara approached plaintiff and said that he could have his job back on the condition that he withdraw his grievance. Plaintiff refused. He was never reinstated to his position.

## PROCEEDINGS

On March 13, 2012, plaintiff filed a complaint alleging nine causes of action. Against Hall and Martin, plaintiff's claims included violation of due process rights under Civil Code 52.1, subdivision (b), false imprisonment, abuse of process, malicious prosecution, intentional and negligent infliction of emotional distress, defamation, and negligence.[1] Against Alcantara, plaintiff asserted claims for violation of due process rights and retaliation, along with intentional and negligent infliction of emotional distress, and negligence.

On June 11, 2012, defendants filed a demurrer to the complaint.

On August 22, 2012, the trial court filed an order sustaining defendants' demurrer without leave to amend. The court found defendants were immune from liability under Government Code section 821.6 as to all causes of action except false imprisonment. As to that claim, the court ruled that an inmate who is moved to administrative segregation

---

[1] On appeal, plaintiff does not challenge the trial court's determination as to the abuse of process claim.

3

cannot maintain a claim for false imprisonment.  Judgment was entered in favor of defendants.  This appeal followed.

## DISCUSSION

### I. *Standard of Review Applicable to Demurrer*

Our standard of review of an order sustaining a demurrer on the ground that the complaint fails to state facts sufficient to constitute a cause of action is well settled.  We independently review the ruling on demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action.  (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.)  When conducting this de novo review, "[w]e give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.]  Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law."  (*City of Dinuba, supra,* 41 Cal.4th at p. 865.)

When a demurrer is properly sustained on the ground that the complaint fails to state facts sufficient to constitute a cause of action, and leave to amend is denied, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.  [Citations.]  The burden of proving such reasonable possibility is squarely on the plaintiff."  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

### II. *Immunity Under Government Code Section 821.6[2]*

As stated above, the gravamen of the complaint is that defendants wrongly initiated the disciplinary action against plaintiff.  On appeal, plaintiff asserts the trial court erred in sustaining the demurrer because section 821.6 does not apply to public employees who knowingly file false charges.  Defendants claim they are statutorily

---

[2] All further statutory references are to the Government Code except as otherwise indicated.

4

immune from liability against every cause of action except the one for false imprisonment.

With the exception of the false imprisonment claim, the demurrer was based on the immunity of section 821.6, which provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." "The immunity conferred by section 821.6 is not limited to peace officers and prosecutors but has been extended to public school officials [citation], heads of administrative departments [citation], social workers [citation], county coroners [citation], and members of county boards of supervisors [citation]." (*Tur v. City of Los Angeles* (1996) 51 Cal.App.4th 897, 901 (*Tur*).) The immunity "extends to actions taken in preparation for formal proceedings" (*Amylou R. v. County of Riverside* (1994) 28 Cal.App.4th 1205, 1209–1210 (*Amylou R.*)) and "encompasses conduct during an ongoing prosecution" (*Randle v. City and County of San Francisco* (1986) 186 Cal.App.3d 449, 456 (*Randle*)). As stated in *Baughman v. State of California* (1995) 38 Cal.App.4th 182, 192 (*Baughman*), "[o]fficers must be free to use their honest judgment uninfluenced by fear of litigation or harassment of themselves in the performance of their duties."

**A.** *Scope of Employment*

Plaintiff first claims Hall was not acting within the scope of his employment when he allegedly knowingly filed false charges against him. He asserts Hall "acted with an impermissible purpose and sought personal gain from his conduct." However, plaintiff does not suggest that Hall's conduct was connected to anything other than the workplace setting. In particular, there is no suggestion that Hall or any of the other defendants sought to secure any private gain from their actions.

Section 821.6 immunity applies only to conduct within the scope of employment. An employee is acting in the course and scope of his employment when he is engaged in work he was employed to perform, or when the act is incident to his duty and is performed for the benefit of his employer, not to serve his own purposes or convenience.

5

(*Mazzola v. Feinstein* (1984) 154 Cal.App.3d 305, 311.)  Scope of employment is ordinarily a question of fact for the jury (*Mary M. v City of Los Angeles* (1991) 54 Cal.3d 202, 221), but where only one reasonable inference can be drawn we may decide the question as a matter of law (*Fowler v. Howell* (1996) 42 Cal.App.4th 1746, 1751).

Plaintiff claims the defendants acted not for the benefit of their employer, but instead acted to "satisfy their own goal" of having him removed from the bookbindery. The only reasonable inference to be drawn from these allegations is that the conduct was incident to defendants' duties as employees of the PIA, and was not for their own private purposes.  Whether their duties were carried out negligently, maliciously, or without probable cause, they were within the scope of employment for purposes of section 821.6.[3] (*Baughman, supra,* 38 Cal.App.4th at p. 192.)

We also agree with defendants that section 821.6 applies to Alcantara's alleged retaliation against plaintiff in refusing to return him to his job unless he dropped his grievance.  Further, to the extent he claims violations of his constitutional rights under Civil Code section 52.1, we note that section does not prevail over the Government Code section 821.6 immunity.  (See *County of Los Angeles v. Superior Court* (2009) 181 Cal.App.4th 218, 231.)

### B.  *Section 822.2 Does Not Apply*

Plaintiff contends even if Hall was acting within the scope of his employment, he is still liable for the act of knowingly filing false charges, per section 822.2.

---

[3] In *Randle, supra,* 186 Cal.App.3d 449, the plaintiff charged the public employees with suppression of evidence in a criminal case.  The court held recovery of damages was precluded by the immunity provisions of section 821.6.  (*Randle*, at p. 455.)  It stated: "That the complaint alleges improper conduct regarding the evidence does not alter the fact that the acts alleged fall within the scope of employment.  [Citation.]  To hold otherwise would mean that an impropriety which provides a basis for liability would also provide a basis for vitiating immunity from such liability, thus making a mockery of section 821.6."  (*Id.* at p. 457.)  As defendants note, the immunity "would be meaningless if a plaintiff could defeat its application merely by alleging an improper purpose; most actions for malicious prosecution likely include such allegations."

That section provides that a public employee is immune for negligent and intentional misrepresentation, "unless he is guilty of actual fraud, corruption or actual malice." This exception applies only if a plaintiff also alleges facts showing in a nonconclusory fashion that a public employee is motivated by " ' "corruption or actual malice, i.e., a conscious intent to deceive, vex, annoy or harm the injured party." ' " (*Curcini v. County of Alameda* (2008) 164 Cal.App.4th 629, 649 (*Curcini*).)

In *Curcini,* the court reviewed allegations that misrepresentations made during the bid process for awarding a public contract were made " 'for corrupt purposes and/or with malice towards plaintiffs and their interests' and that defendants' conduct 'was intended . . . to cause injury to plaintiffs or constituted despicable conduct which was carried on by defendants, and each of them, with a willful and conscious disregard of the rights of plaintiffs.' " (*Curcini, supra,* 164 Cal.App.4th at p. 650.) The court held the allegations to be conclusory. (*Ibid.*) Similarly, here plaintiff alleges in a conclusory fashion that Hall acted with actual malice "since he filed false charges against Plaintiff knowing full well that the charges were false, solely in an attempt to have Plaintiff removed from his position in the bookbindery." In particular, he does not state any *facts* to support his conclusion that Hall's actions were motivated by a desire to have plaintiff removed from his job. He merely surmises that this must have been Hall's motivation. Conclusory allegations are insufficient to survive demurrer. (*Curcini,* at p. 650; *Masters v. San Bernardino County Employees Retirement Assn.* (1995) 32 Cal.App.4th 30, 42.)

Accordingly, as all of the acts complained of arise out of the defendants' actions surrounding the filing of the rule violation report, the immunity set forth in section 821.6 applies to all of plaintiff's causes of actions against all of the defendants, with the exception of his claim for false imprisonment. (See *Paterson v. City of Los Angeles* (2009) 174 Cal.App.4th 1393, 1405 [for purposes of this immunity provision, investigations are deemed to be part of judicial and administrative proceedings]; *Cappuccio, Inc. v. Harmon* (1989) 208 Cal.App.3d 1496, 1500 [the test of immunity is not the timing of the act but whether there is a causal relationship between the act and the prosecution process].) The immunity thus applies to his claims for malicious prosecution

7

(*Tur, supra,* 51 Cal.App.4th at p. 901), intentional and negligent infliction of emotional distress (*Amylou R., supra,* 28 Cal.App.4th at pp. 1208–1209), defamation (*Kayfetz v. State of California* (1984) 156 Cal.App.3d 491, 499), negligence (*Strong v. State of California* (2011) 201 Cal.App.4th 1439, 1461), and violation of due process (*Ingram v. Flippo* (1999) 74 Cal.App.4th 1280, 1291–1293). These claims are precluded by section 821.6 immunity, and there is no reasonable possibility that the defect can be cured by amendment.

**III.** *The False Imprisonment Claim Fails*

As to the false imprisonment claim, section 820.4 states: "A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law. Nothing in this section exonerates a public employee from liability for . . . false imprisonment." To state a claim for false imprisonment, a plaintiff must allege he was restrained by another, and that the restraint was completely unlawful and without authority. (See *Collins v. County of Los Angeles* (1966) 241 Cal.App.2d 451.) As there is no dispute as to whether plaintiff is legally incarcerated, we conclude he cannot sustain a false imprisonment claim, even if he was wrongfully housed in administrative segregation for a period of time.

Courts in other jurisdictions have held that legally incarcerated inmates cannot demonstrate they have been illegally detained simply because they have been placed in a segregated unit, and such circumstances do not give rise to a false imprisonment claim. (See, e.g., *Estate of Claude Brooks v. United States* (9th Cir. 1999) 197 F.3d 1245, 1248–1249; *Clark v. Michigan Dept. of Corrections* (E.D.Mich. 1982) 555 F.Supp. 512; *Burton v. Scribner* (E.D.Cal., Dec. 21, 2006, No. CV F 05 1287 OWW SMS P) 2006 U.S.Dist. Lexis 92407; *Wilson v. Stolman* (E.D.Cal., Apr. 11, 2006, No. 1:05-CV-00226-OWW-SMS-P) 2006 U.S.Dist. Lexis 18617; *McLaurin v. Rubenstein* (S.D.W.Va., Feb. 21,

8

2012, No. 2:11-cv-00090) 2012 U.S.Dist. Lexis 38437.)[4] We concur with these decisions and hold that plaintiff has not stated a viable cause of action for false imprisonment.

In sum, the trial court properly sustained the demurrer to the complaint without leave to amend.[5]

## DISPOSITION

The judgment is affirmed.

_____
Dondero, Acting P. J.

We concur:


_____
Banke, J.


_____
Sepulveda, J.*

\* Retired Associate Justice of the Court of Appeal, First Appellate District, Division Four, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

---

[4] Although not binding, nonpublished federal district court cases are citable as persuasive authority. (See *Olinick v. BMG Entertainment* (2006) 138 Cal.App.4th 1286, 1301, fn. 11.)

[5] In light of our conclusions, we need not address the parties' remaining arguments.