[Civ. No. 33050.   Second Dist., Div. Four.   July 25, 1969.]

CHARLES MEYER STEARNS, Plaintiff and Appellant, v. COUNTY OF LOS ANGELES et al., Defendants and Respondents.

Cadoo, Tretheway, McGinn & Morgan, Donald G. Cadoo and Alan N. Fenton for Plaintiff and Appellant.

John D. Maharg, County Counsel, and Russell K. Howell, Deputy County Counsel, for Defendants and Respondents.

KINGSLEY, J.—The case is here on an agreed statement of facts, reading as follows:

"I

"NATURE OF THE CONTROVERSY

"A complaint for damages was filed in the Superior Court of the State of California for the County of Los Angeles, on

March 3, 1967, against the County of Los Angeles, Harold Kade and several fictitious defendants after compliance by plaintiff with California Code Section 910 et seq. The first cause of action alleged that Dr. Harold Kade a Deputy County Coroner for the County of Los Angeles, performed an autopsy upon plaintiff's wife and that said autopsy was performed with negligence, and that as a result thereof the plaintiff was wrongfully charged with murder in the first degree; that a subsequent autopsy performed at plaintiff's expense proved that Dr. Kade's report and testimony at plaintiff's preliminary hearing was totally without foundation. The second cause of action against the County alleged that defendant County was aware of the incompetency and unfitness of defendant Kade, and failed to discharge him. The third cause of action against Dr. Kade alleged that Dr. Kade instigated criminal prosecution maliciously.

"II

"FURTHER PROCEEDINGS BELOW

"On July 31, 1967, Dr. Kade filed his demurrer, alleging that the complaint failed to state a cause of action. On August 8, 1967, the defendant County filed its demurrer based upon the same grounds. Extensive briefs were filed by both sides, and arguments were heard thereon on September 27, 1967, and on October 25, 1967, by the Honorable Judge Ernest J. Zack, sitting in Department 67 of the Superior Court. Additional Points and Authorities were filed by both sides. On November 20, 1967, Judge Zack sustained the demurrers of both the defendant County and defendant Kade, without leave to amend and signed the order dismissing the complaint. Plaintiff filed his notice of appeal from said order."

I

The parties have argued extensively whether or not Dr. Kade's alleged negligence was a discretionary act within the exemption granted by section 820.2 of the Government Code, especially as that section was construed in *Johnson* v. *California* (1968) 69 Cal.2d 782 [73 Cal.Rptr. 240, 447 P.2d 352]. ▮ We find it unnecessary to decide that point on this appeal, since the causes of action as pleaded in the complaint and as characterized in the Agreed Statement of Facts are controlled by the specific immunity provided for in section 821.6 of the Government Code. That section reads as follows:

"A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative pro-

ceeding within the scope of his employment, even if he acts maliciously and without probable cause.''

It is clear that the gravamen of the plaintiff's entire complaint is the contention that the county's act of hiring and retaining Dr. Kade, and the latter's negligence in performing the autopsy on plaintiff's wife, caused his prosecution for her alleged murder, with resultant expense and embarrassment. That theory is expressed in so many words in paragraph XII of the first cause of action (incorporated by reference in the second cause of action), as follows: ''That the negligent performance of said autopsy, the preparation of the autopsy report and the signing of said Death Certificate as herein alleged was the proximate cause of plaintiff being charged with a violation of California Penal Code Section 187, a felony, wherein it was alleged that the plaintiff did murder the said Darlene Charlotte Stearns.''

It is immaterial that the final decision to issue the criminal complaint against plaintiff was made by the district attorney. It is classic law in the field of malicious prosecution that ''one who procures a third person to institute a malicious prosecution is liable, just as if he instituted it himself.'' (2 Witkin, Summary of Cal. Law (7th ed. 1960) § 90, p. 1261, and cases cited.) ▮ In *Watson* v. *County of Los Angeles* (1967) 254 Cal.App.2d 361 [62 Cal.Rptr. 191],[1] we held that section 821.6 operated to grant immunity to two court clerks whose negligent keeping of records had resulted in plaintiff being arrested and incarcerated. We there said (at page 363): ''Their acts or omissions . . . can be considered as 'instituting or prosecuting' a 'judicial proceeding,' in that their behavior provides the first steps towards plaintiff's arrest and incarceration and clearly were steps involved in the 'prosecution' of that proceeding.'' The same reasoning is applicable here.

▮▮ It follows that plaintiff has pleaded, against Dr. Kade, in his first and third causes of action, the very cause of action that the statute bars. The second cause of action is also barred by the combined effect of section 821.6 and subdivision (b) of section 815.2.[2] Plaintiff argues that that cause of action is based on a violation of duty by the county itself and,

---

[1]Hearing in the Supreme Court was denied.

[2]Government Code, section 815.2 subdivision (b) reads: ''Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.''

therefore, does not seek to hold the county on any theory of *respondent superior*. But the county owed no duty to plaintiff, as an individual, to refrain from hiring, or to refrain from not discharging, Dr. Kade, except insofar as its negligence in that regard resulted in an individual injury to him. It is only for that allegedly resulting injury that he sues. He sues, expressly, both by allegation and prayer, for "an injury resulting from an act or omission of an employee of a public entity where the employee is immune from liability." It is, under that statutory language, of no moment that acts of the county were a remote cause of the injury because the county had put the employee in a position where he could injure the plaintiff.

Since the immunity of section 821.6 inures to the benefit of both Dr. Kade and the County of Los Angeles, it follows that their respective demurrers were properly sustained.

## II

At oral argument, counsel for plaintiff urged that, in any event, the demurrers should not have been sustained without leave to amend. He contended that he thought that he had, and that he could, state a cause of action against Dr. Kade, under section 820.2, for damages not related to the criminal prosecution. We do not, and on this record could not, determine whether or not such an amended complaint could be so drafted as to survive a demurrer.[3] But we think plaintiff should be allowed to try.

The judgment of dismissal is reversed; the order sustaining defendants' demurrer is reversed insofar as it denied plaintiff leave to amend; otherwise it is affirmed; the case is remanded to the trial court with directions to allow plaintiff, if he shall so desire, a reasonable opportunity to amend his complaint. Each party shall bear his or its own costs on appeal.

Jefferson, Acting P. J., and Dunn, J., concurred.

A petition for a rehearing was denied August 13, 1969.

---

[3]In addition to the problems, referred to above, of liability under section 820.2 of the Government Code, and obvious problems as to the measure of damages, any amended complaint must be so framed as to fall within the limits of the claim filed by plaintiff with the county and incorporated by reference (as Exhibit A) in the complaint now before us. (Cf. *Connelly* v. *State of California** (Cal.App.) 78 Cal.Rptr. 524.)

*A rehearing was granted on July 7, 1969. The final opinion is reported in 3 Cal.App.3d 744 [84 Cal.Rptr. 257].