[Civ. No. 63410. Second Dist., Div. Four. July 15, 1982.]

CITIZENS CAPITAL CORPORATION et al., Plaintiffs and Appellants, v.
RICHARD SPOHN et al., Defendants and Respondents.

## COUNSEL

Zeutzius & LaBran and Ronald M. LaBran for Plaintiffs and Appellants.

George Deukmejian, Attorney General, and Antonio J. Merino, Deputy Attorney General, for Defendants and Respondents.

## OPINION

**KINGSLEY, Acting P. J.**—Plaintiffs appeal from an order dismissing their fourth amended complaint (complaint) after an order sustaining a demurrer without leave to amend. We affirm.

The complaint, so far as this appeal is concerned, charges that, pursuant to a conspiracy to destroy plaintiffs' business as collection agencies, the Director of the Department of Consumer Affairs (Richard Spohn), the former chief of the Bureau of Collections and Investigated Services (Douglas Faigin), and the State of California, instituted widespread newspaper publicity charging them with improper conduct in operating their collection services and also instituted proceedings seeking revocation of their licenses.

The demurrer was sustained on the ground that the conduct relied on was absolutely privileged under sections 815.2 and 821.6 of the Government Code. We agree with the action.

I

█ It is clear, and plaintiffs do not here dispute, that unless the individual state officers are liable, the state is exempt from liability under Government Code section 815.2.

## II

Government Code Section 821.6 reads as follows: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

Plaintiffs concede that that section immunizes the officers from liability for instituting the revocation proceedings. Their case rests on their contention that the statute is limited to immunity from malicious prosecution. That contention is fallacious. In the recent decision in *Kilgore* v. *Younger* (1982) 30 Cal.3d 770 [180 Cal.Rptr. 657, 640 P.2d 793], the Supreme Court ruled that the Attorney General was immune from liability for issuing a press release and using language at a press conference, relating to an official report to him, as Attorney General, which allegedly libeled the then plaintiff. Similarly here the publicity merely reported the results of official investigations of plaintiffs and the revocation action based on those investigations.

Plaintiffs are, of course, not helped by the allegations of conspiracy. Conspiracy, apart from its use in imposing liability because of agency, does not itself constitute a separate tort; liability attaches only for action taken pursuant to the "conspiracy"; here the public duty immunity absolves these defendants regardless of their motivation. As the court pointed out in *Hardy* v. *Vial* (1957) 48 Cal.2d 577, 582-583 [311 P.2d 494], quoting from Mr. Justice Leonard Hand, immunity, even from wrongfully motivated action, is granted, as a matter of public policy, to avoid the risk of public officers avoiding their public duty for fear of the burden of trial and risk of its outcome.

The appeal is patently frivolous. The judgment is affirmed.

Amerian, J., and Luros, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.