**David MAGLIONE,
Appellant-Cross-Appellee,**

v.

**Ronald BRIGGS,
Appellee-Cross-Appellant.**

**Nos. 334, 401, Dockets 84–7521, 84–7567.**

United States Court of Appeals,
Second Circuit.

Submitted Oct. 19, 1984.

Decided Nov. 16, 1984.

John W. Brandt, Syracuse, N.Y., for appellant-cross-appellee.

Donohue, Donohue & Sabo, P.C., Albany, N.Y., for appellee-cross-appellant.

Before OAKES and WINTER, Circuit Judges, and CLARIE, District Judge.*

PER CURIAM:

David Maglione appeals from a grant of summary judgment to defendant Ronald Briggs. Briggs cross-appeals from Judge Miner's denial of his motion for attorney's fees.

In 1981, Maglione was a student at the Northwood School, a private school in Lake Placid, New York. On May 29, students from that school were involved in an altercation with some local youths. Following the incident a felony complaint was brought against Maglione charging that he had stabbed one of the Lake Placid youths with a pocket knife during the altercation.

Briggs, an Assistant District Attorney for Essex County, undertook plea bargaining negotiations with Maglione's counsel. Briggs offered to permit Maglione to plead guilty to a misdemeanor but Maglione declined the offer. Thereafter the Essex County District Attorney's Office presented the case to a grand jury, which returned a no bill.

On April 14, 1983, Maglione filed his complaint in the instant action. The five-paragraph complaint alleged that Briggs "was in charge of the investigation and involved in the Grand Jury presentation" of Maglione's case, and that Briggs had acted in bad faith throughout. The complaint alleged violations of Maglione's civil rights under 42 U.S.C. § 1983 and sought compensatory and exemplary damages.

Briggs moved for summary judgment and for attorney's fees. After submission of affidavits and oral argument, Judge Miner granted the motion for summary judgment but denied the motion for attorney's fees. Maglione appealed the grant of summary judgment and Briggs cross-appealed the denial of fees.

---

* The Honorable T. Emmet Clarie, Senior United States District Judge for the District of Connecticut, sitting by designation.

■ Maglione argues that summary judgment was improper because there was an issue of fact relevant to whether Briggs' actions were covered by the absolute immunity recognized by *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), or only by a qualified immunity. *See also Taylor v. Kavanagh,* 640 F.2d 450 (2d Cir.1981) (absolute immunity applies to all "quasi-judicial" activities). However, the only factual dispute Maglione points to is whether Briggs was involved in presenting the case to the grand jury. While this fact may be in dispute, it is clearly not material under *Imbler.* The presentation of a case to a grand jury falls squarely within the prosecutor's traditional function and is thus subject to absolute immunity under *Imbler. See Powers v. Coe,* 728 F.2d 97, 104 (2d Cir.1984).

The complaint also alleged that Briggs was "in charge of the investigation" of the felony charge, suggesting that he was performing investigatory functions apart from the grand jury inquiry. If there were facts to support this conclusory description of Briggs' role, the case might fall within the narrow area that *Imbler* left unresolved, *see* 424 U.S. at 430, 96 S.Ct. at 995; *Taylor,* 640 F.2d at 452. However, Maglione has not specified any facts or circumstances to support this claim. When Judge Miner repeatedly asked counsel to describe Briggs' actions, counsel for Maglione merely replied that Briggs had acted in bad faith. Since it is Briggs' conduct rather than his state of mind that is in issue, summary judgment was properly granted.

■ This leaves only the issue of attorney's fees. A prevailing defendant in an action brought under Section 1983 is entitled to attorney's fees if the plaintiff's claim was "frivolous, unreasonable, or groundless." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978). The district court denied attorney's fees without findings. We must therefore reverse and remand for reconsideration of whether Maglione's claim was objectively frivolous.

*Davidson v. Keenan,* 740 F.2d 129, 133 (2d Cir.1984).

Affirmed in part; reversed in part and remanded.