[No. A042627. First Dist., Div. Five. Dec. 29, 1989.]

LYNN D. HARMSTON, Plaintiff and Appellant, v.
CHARLES R. B. KIRK, as Special Counsel, etc., et al., Defendants
and Respondents.

**COUNSEL**

A. Leonard Bjorklund, Jr., for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Richard D. Martland, Chief Assistant Attorney General, Marvin Goldsmith, Assistant Attorney General, Ronald V. Thunen, Jr., and Brenda P. Reyes, Deputy Attorneys General, for Defendants and Respondents.

**OPINION**

**LOW, P. J.**—A deputy attorney general assigned to assist a grand jury in its investigation is immune from liability to any person wrongfully indicted or accused after the investigation.

Lynn D. Harmston, a Napa County (County) deputy sheriff, sued the County, the members of the County grand jury, Charles R. B. Kirk (a deputy attorney general who acted as special counsel to the grand jury), and the State of California (State), alleging damages arising from the grand jury's accusation of misconduct against him. Defendants' demurrers were sustained and the action dismissed. Plaintiff appeals that portion of the judgment dismissing the third, fourth and fifth causes of action, and only with respect to defendants Kirk and the State. We agree that Kirk and the State are immune from liability for acts contributing to the bringing of the grand jury accusation. We affirm.

The grand jury began investigating allegations of misconduct in the County sheriff's office. Defendant Kirk was appointed special counsel to the grand jury, pursuant to Penal Code section 936, to assist in the investigation. Plaintiff was subpoenaed to appear before the grand jury. Accompanying the subpoena was a letter from Kirk telling plaintiff that he had the right to remain silent before the grand jury and the right to consult with an attorney before testifying. Kirk wrote that these rights could be invoked at any time during plaintiff's appearance, either as to particular topics or as to all areas of inquiry, and that plaintiff would be excused from testifying upon invoking his rights. Plaintiff was further advised that if he did testify, anything he said could and would be used against him in court. There was no

advice as to whether a refusal to testify would be considered insubordination or misconduct.

Plaintiff declined to answer certain questions at the grand jury hearing without first consulting with an attorney. Later, plaintiff was called to appear again and once more he invoked his right to remain silent. He had not consulted with an attorney in the interim.

The grand jury filed an accusation seeking plaintiff's removal from public office, alleging that his refusal to answer questions during the two sessions constituted "willful or corrupt misconduct in office" within the meaning of Government Code section 3060, justifying his removal from office under Government Code section 3072. In its public report the grand jury noted that plaintiff had impeded the investigation by his "unprofessional conduct" in refusing to answer questions. Thereafter, the Napa County Superior Court dismissed the accusation against plaintiff on the ground that plaintiff had not been properly advised of the scope of his right to silence as outlined in *Lybarger* v. *City of Los Angeles* (1985) 40 Cal.3d 822 [221 Cal.Rptr. 529, 710 P.2d 329].

Plaintiff sued and alleged the accusation was brought and the report published without probable cause, maliciously, and in retaliation for plaintiff's exercise of his right to remain silent. Defendants' actions damaged his reputation and standing in law enforcement, impaired his prospects for promotion in the sheriff's department, and caused him anxiety.

The third cause of action alleges Kirk acted negligently in advising the grand jury it could accuse plaintiff of misconduct based on his refusal to answer questions. The fourth cause of action alleges Kirk either negligently or intentionally deceived plaintiff as to his right of silence in his letter. The fifth charges a violation of federal civil rights under 42 United States Code section 1983.

I

Plaintiff's recovery on the state law causes of action is precluded by Government Code section 821.6 (hereafter section 821.6): "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." The immunity provided by this statute is not limited to direct initiation of a malicious prosecution; it applies, for example, to the suppression of exculpatory evidence by prosecutor or police during pendency of a criminal action (*Randle* v. *City and County of San Francisco* (1986) 186 Cal.App.3d 449, 456-457

[230 Cal.Rptr. 901]), to charges made in the press based on investigations leading to license revocation proceedings (*Citizens Capital Corp.* v. *Spohn* (1982) 133 Cal.App.3d 887, 888-889 [184 Cal.Rptr. 269]), and to a deputy coroner whose mistaken autopsy report led to the plaintiff's murder prosecution (*Stearns* v. *County of Los Angeles* (1969) 275 Cal.App.2d 134, 137 [79 Cal.Rptr. 757]).

The acts plaintiff complains of all relate to the instigation of the action against him. The gravamen of the third and fourth causes of action is that negligent or malicious acts by the special counsel, Kirk, caused the grand jury to bring an accusation against plaintiff. In the third cause of action the bringing of the accusation is ascribed directly to Kirk's advice to the grand jury. In the fourth it is traced to Kirk's letter advising plaintiff of his right to silence: "Relying on the advice contained in said letter, plaintiff elected to remain silent with respect to certain questions asked of him by the defendant KIRK. As a direct consequence of plaintiff's election to remain silent the defendant GRAND JURY instituted misconduct proceedings against plaintiff . . . ." In both counts the advice is complained of only insofar as it caused the accusation to be brought. Kirk is immune under section 821.6, and the State, whose liability is premised on Kirk's, is similarly immune. (Gov. Code, § 815.2, subd. (b).)

■ Plaintiff argues that advising the grand jury to bring the accusation was not within the scope of Kirk's employment because the statute providing for special counsel to be appointed by the Attorney General (Pen. Code, § 936) does not refer expressly either to advising the grand jury or to prosecuting actions. Penal Code section 936 refers only to the appointment of special counsel and investigators, "whose duty it shall be to investigate and present the evidence in such investigation to such grand jury." Read with other provisions (Pen. Code, §§ 935, 936.5), however, section 936 directs that a special counsel has the same duties as would normally be fulfilled by the district attorney, where the district attorney has a conflict of interest or is otherwise recused. Those duties include advising on "any matter cognizable by the grand jury." (Pen. Code, § 935.) An attorney cannot act as "counsel" to the grand jury without being available for legal advice.

Nor is it relevant that Kirk did not directly prosecute the accusation. Although the grand jury, not special counsel, actually filed the accusation, that fact has no effect on Kirk's immunity from liability for acts allegedly causing the accusation to be brought. (See *Kemmerer* v. *County of Fresno* (1988) 200 Cal.App.3d 1426, 1436-1437 [246 Cal.Rptr. 609] [immunity for administrator who investigated plaintiff's misconduct and wrote interoffice memorandum recommending his dismissal]; *Stearns* v. *County of Los Ange-*

*les, supra,* 275 Cal.App.2d at p. 137 [immunity for deputy coroner whose autopsy led to prosecution].)

## II

■ As to both the fourth and fifth causes of action, plaintiff argues prosecutorial immunity is inapplicable because the misadvice to plaintiff was merely part of the preliminary evidence-gathering process, not integral to the prosecution itself. He relies for the distinction on cases dealing with prosecutorial immunity to suit under 42 United States Code section 1983 (hereafter section 1983).

In *Imbler* v. *Pachtman* (1976) 424 U.S. 409 [47 L.Ed.2d 128, 96 S.Ct. 984], the court held prosecutors immune from damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." (At p. 431 [47 L.Ed.2d at p. 144].) The court acknowledged that prosecutors engaged in certain investigative activities would, like police officers, enjoy only limited immunity, but found the prosecutor's actions in the case before it "intimately associated with the judicial phase of the criminal process." (At p. 430 [47 L.Ed.2d at p. 143].) In *Barbera* v. *Smith* (2d Cir. 1987) 836 F.2d 96, the court distinguished between two aspects of the prosecutor's prelitigation functions. The prosecutor was not entitled to complete immunity when merely *acquiring* evidence which might eventually be used in a prosecution, but was immune when engaged in the *"organization, evaluation in and marshalling* of this evidence into a form that will enable the prosecutor to try a case or to seek a warrant, indictment, or order." (*Id.,* at p. 100.) *Gobel* v. *Maricopa County* (9th Cir. 1989) 867 F.2d 1201, 1204, also cited by plaintiff, follows the same approach, citing *Barbera* and other cases denying full immunity for "the preliminary gathering of evidence" or other acts "usually related to routine police activity."

The distinction drawn in these cases does not aid plaintiff. The prosecutorial acts plaintiff complains of were all undertaken in the course of presenting the evidence to the grand jury, not in the course of preliminary factual investigation. In subpoenaing plaintiff, in advising him by letter of his rights, in questioning him before the grand jury, and in advising the grand jury to proceed with an accusation, Kirk fulfilled his role as special counsel to the grand jury, a role "intimately associated with the judicial phase of the criminal process." (*Imbler* v. *Pachtman, supra,* 424 U.S. at p. 430 [47 L.Ed.2d at p. 143].) These activities were very far from the "routine police activity" for which a prosecutor enjoys only limited immunity. (*Gobel* v. *Maricopa County, supra,* 867 F.2d at p. 1204.)

Federal courts have held that prosecutors enjoy immunity under *Imbler* for actions taken in the course of presenting evidence to a grand jury. (See,

e.g., *Rose* v. *Bartle* (3d Cir. 1989) 871 F.2d 331, 343-345 [immunity for prosecutor's subornation of perjury before grand jury]; *Morrison* v. *City of Baton Rouge* (5th Cir. 1985) 761 F.2d 242, 246-248 [immunity for presentation of irrelevant evidence]; *Maglione* v. *Briggs* (2d Cir. 1984) 748 F.2d 116, 118 ["The presentation of a case to a grand jury falls squarely within the prosecutor's traditional function and is thus subject to absolute immunity under *Imbler*."]; *Powers* v. *Coe* (2d Cir. 1984) 728 F.2d 97, 104 ["We are aware that a grand jury's function is to some degree investigative . . . . [but w]e believe that at the heart of the prosecutor's job is the decision whether to prosecute, and that the grand jury . . . as an institution plays a central role in that decision-making process. . . . [A] prosecutor must be permitted to work with a grand jury totally free of the threat of civil suit."]; *Gray* v. *Bell* (D.C. Cir. 1983) 712 F.2d 490, 502 [immunity for prosecutor's presentation of misleading evidence and failure to present exculpatory evidence].)

In one case a prosecutor who allegedly perjured himself before a district court, in proceedings corollary to an ongoing grand jury investigation, was held to have only qualified immunity. (*Briggs* v. *Goodwin* (D.C. Cir. 1977) 569 F.2d 10, 21-24.) That case has since been distinguished, however, as involving an activity other than presentation of evidence, and concerning a grand jury investigation which had not focused on an individual but was a broad probe of an organization and its members. (See *Gray* v. *Bell, supra,* 712 F.2d at pp. 503-504; *Morrison* v. *City of Baton Rouge, supra,* 761 F.2d at p. 247.) In the present case the acts complained of do involve presentation of evidence to the grand jury, and Kirk's questioning of plaintiff demonstrates that suspicion had focused on plaintiff among others.

Kirk is thus immune under *Imbler* and its progeny from section 1983 liability. To the extent that the federal distinction between investigative and prosecutorial activities may be applicable to section 821.6, it does not affect his immunity under that section. Plaintiff conceded that the State cannot be sued under section 1983, and Kirk's immunity under state law extends to the State. The demurrers were therefore properly sustained, and the action dismissed.

Because we conclude that Kirk and the State were immune from prosecution under state law pursuant to Government Code sections 821.6 and 815.2, we need not decide whether the trial court was correct in also finding immunity for the State under Government Code 822.2.

The judgment is affirmed.

King, J., and Haning, J., concurred.