[No. A093755. First Dist., Div. Two. Nov. 30, 2001.]

JOHN ROE, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

66

**COUNSEL**

Law Offices of Matthew J. Witteman and Matthew J. Witteman for Plaintiff and Appellant.

Bill Lockyer, Attorney General, Pamela Smith-Steward, Chief Assistant Attorney General, Margaret A. Rodda, Assistant Attorney General, Tyler Pon and Bradley Solomon, Deputy Attorneys General, for Defendants and Respondents.

## OPINION

**KLINE, P. J.**—John Roe filed a complaint claiming the Office of Real Estate Appraisers violated a confidentiality clause in the stipulation by which an administrative disciplinary action against him was settled. The trial court sustained respondents' demurrer without leave to amend. Appellant contends the trial court abused its discretion because all his causes of action showed entitlement to relief or could have been amended to do so. We reverse.

### STATEMENT OF THE CASE AND FACTS

On January 6, 2000, appellant filed his first amended complaint for breach of contract, breach of mandatory duty and declaratory and injunctive relief against the State of California (State), the Office of Real Estate Appraisers (OREA) and individual defendants. In his cause of action for breach of contract, appellant alleged that on or about December 23, 1999, he entered into a confidential "Stipulation and Waiver" with the State and OREA in settlement of an inquiry and investigation of appellant by the State and OREA. Under the settlement, appellant waived his right to contest any charges against him, without admitting them, and agreed to certain educational and other requirements, while the State and OREA agreed that the complainants would be notified only of the "outcome" of the proceeding, not the results or findings of OREA investigations or contents of the stipulation. Appellant alleged that respondents represented the stipulation was a "private reproval and entirely confidential." Appellant further alleged that respondents breached the stipulation by publishing letters to complainants indicating that respondents had performed a complete investigation and relating confidential information concerning the investigation, findings, conclusions and action taken against appellant. Appellant alleged that respondents "understood the risk that complainants against [appellant] and/or others would misuse confidential information about [appellant] to do him harm" and that their breach of contract proximately caused appellant damage to his reputation and trade as a real estate appraiser in the amount of $1.6 million (or an amount to be proven at trial), plus attorneys' fees incurred in defending the OREA inquiry and in bringing the present action.

Appellant's second cause of action, for breach of the implied covenant of good faith and fair dealing and misrepresentation, alleged that respondents breached the covenant of good faith and fair dealing by making false and misleading representations that the agreement was confidential and that such confidentiality conformed with OREA practice, and by failing to disclose OREA's practice or intent to disclose confidential information to the complainants or the public. The third cause of action alleged that respondents

breached the covenant of good faith and fair dealing by publishing the confidential information and by publishing other confidential information relating to another investigation of appellant. The fourth cause of action, for trade libel, alleged that respondents breached the covenant of good faith and fair dealing by publishing false or misleading information about appellant's trade, including representations that a complete investigation had been done and "other confidential representations."

The fifth cause of action, for negligence, alleged that respondents had a mandatory duty to maintain the confidentiality of investigations, findings and actions taken against appellant under Business and Professions Code sections 11317 and 11315.5, California Code of Regulations, title 10, sections 3726, 3728, 3729 and 3741, and other law, which duty was breached by the publication of the confidential information. The sixth cause of action, for trade libel, alleged that respondents breached the above mandatory duty by publishing false and misleading information including representations that a complete investigation had been done and "other confidential representations." The seventh cause of action, for declaratory and injunctive relief, alleged that the OREA deprived appraisers of due process by interpreting the Uniform Standards of Professional Appraisal Practice in a manner that resulted in its failure to consider, and base disciplinary actions upon, the totality of an appraiser's opinion as delivered in judicial proceedings.

Respondents filed a demurrer to the first amended complaint on March 14, 2000, maintaining that the entire complaint was barred by the immunity provided under Government Code[1] sections 821.6 and 815.2. Appellant opposed the demurrer, arguing that the first four causes of action were viable because they arose from contract and, therefore, under section 814 were not subject to immunity under the California Tort Claims Act. Appellant argued against the demurrer to the fifth and sixth causes of action on the ground that respondents were liable under section 815.6 for failing to discharge a mandatory duty. With respect to the seventh cause of action, appellant argued that the immunities cited by respondents did not apply to claims for injunctive and declaratory relief.

After a hearing on April 26, 2000, the trial court adopted its tentative ruling sustaining the demurrer to the first six causes of action without leave to amend and overruling it with respect to the seventh cause of action. Respondents filed their answer on July 26.

On December 27, 2000, appellant dismissed the seventh cause of action and requested entry of judgment against him on the first six causes of action.

---

[1]All further statutory references will be to the Government Code unless otherwise specified.

Judgment was entered on the same date. Appellant filed a timely notice of appeal on January 19, 2001.

## DISCUSSION

The standard by which we review the trial court's decision to sustain the demurrer without leave to amend is well settled. "The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations.] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation.] The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken. [Citations.]' [Citation.] However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. [Citation.] And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment. [Citation.]" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967 [9 Cal.Rptr.2d 92, 831 P.2d 317]; see *Dunkin v. Boskey* (2000) 82 Cal.App.4th 171, 180 [98 Cal.Rptr.2d 44].)

Appellant contends that the trial court erred in sustaining the demurrer to the first four causes of action because these claims are based on contract and the California Tort Claims Act does not bar contract claims. He relies upon section 814, which provides: "Nothing in this part affects liability based on contract or the right to obtain relief other than money or damages against a public entity or public employee." "The Legislative Committee Comment-Senate on this section was: 'The doctrine of sovereign immunity has not protected public entities in California from liability arising out of contract. This section makes clear that this statute has no effect on the contractual liabilities of public entities or public employees.'" (*Arthur L. Sachs, Inc. v. City of Oceanside* (1984) 151 Cal.App.3d 315, 320 [198 Cal.Rptr. 483], italics omitted.) Thus, "'[w]hen the state makes a contract . . . it is liable for a breach of its agreement . . . and the doctrine of governmental immunity does not apply. [Citations.]'" (*E.H. Morrill Co. v. State of California* (1967) 65 Cal.2d 787, 794 [56 Cal.Rptr. 479, 423 P.2d 551], italics omitted.) "Whether an action is based on contract or tort depends upon the nature of the right sued upon, not the form of the pleading or relief demanded. If based on breach of promise it is contractual; if based on breach of a noncontractual duty it is tortious. [Citation.] If unclear the action will be considered based on contract rather than tort. [Citation.]" (*Arthur L. Sachs, Inc., supra,* at p. 322.)

Appellant relies on the general rule that settlement agreements are governed by contract principles (*Nicholson v. Barab* (1991) 233 Cal.App.3d

1671, 1681 [285 Cal.Rptr. 441]; *In re Frye* (1983) 150 Cal.App.3d 407, 409 [197 Cal.Rptr. 755]), as well as case law applying this rule to agreements settling disciplinary actions by California licensing agencies. (*Frankel v. Board of Dental Examiners* (1996) 46 Cal.App.4th 534, 544 [54 Cal.Rptr.2d 128]; *Rich Vision Centers, Inc. v. Board of Medical Examiners* (1983) 144 Cal.App.3d 110, 115-116 [192 Cal.Rptr. 455]; see *Department of Industrial Relations v. UI Video Stores, Inc.* (1997) 55 Cal.App.4th 1084, 1090-1096 [64 Cal.Rptr.2d 457].) Appellant's complaint alleged a breach of the confidentiality provisions of his settlement agreement with respondents. Accordingly, appellant reasons that, under section 814, his claims for breach of contract are viable.

Respondents, here as in the trial court, rely on the immunity provisions of sections 821.6 and 815.2. Section 821.6 provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Section 815.2, subdivision (b), provides: "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Respondents further maintain that section 814 is inapplicable because appellant's causes of action are not based on contract. According to respondents, the stipulation by which the disciplinary matter in this case was settled was not contractual but rather made pursuant to a statutory scheme of discipline.

The trial court resolved this matter primarily on the basis of a single case, *Kayfetz v. State of California* (1984) 156 Cal.App.3d 491 [203 Cal.Rptr. 33] (*Kayfetz*). In *Kayfetz*, a physician sued over the publication of a disciplinary action report that he alleged was inaccurate and violated promised confidentiality concerning his participation in a drug rehabilitation program. The disciplinary action against the physician was resolved by a stipulation under which the physician admitted charges of theft and possession and self-administration of dangerous drugs and accepted a decision revoking his license, staying the revocation and placing the physician on probation for five years. The stipulation provided that if the physician applied for and was admitted into a designated rehabilitation program, the decision would be suspended and, upon successful completion of the rehabilitation program, dismissed. (*Id.* at pp. 494-495.) The physician ultimately completed the rehabilitation program, the decision was set aside and the accusation dismissed. (*Id.* at p. 495.) Meanwhile, however, the disciplinary board published the charges and disposition of the matter in an official quarterly report in which it was statutorily required to publish disciplinary action. (*Id.* at pp. 496-497.)

*Kayfetz* held the physician's action was barred by the immunity of section 821.6, because the publication of the official "action report" was part of the "prosecution" of a proceeding within the meaning of that statute. (*Kayfetz, supra,* 156 Cal.App.3d at pp. 496-498.) The court noted that publication of disciplinary action is part of the statutory scheme intended to protect the public and found no statute requiring confidentiality as to the fact of drug abuse. (*Id.* at p. 498.) Quoting *Citizens Capital Corp. v. Spohn* (1982) 133 Cal.App.3d 887, 889 [184 Cal.Rptr. 269], *Kayfetz* explained that immunity under section 821.6, " 'even from wrongfully motivated action, is granted, as a matter of public policy, to avoid the risk of public officers avoiding their public duty for fear of the burden of trial and risk of its outcome.' " (*Kayfetz, supra,* 156 Cal.App.3d at p. 497.)[2] *Kayfetz* has been viewed as suggesting "an expansive interpretation" of the "prosecution process" covered by section 821.6 "to include the period up to the service of the sentence or the execution of the penalty." (*Cappuccio, Inc. v. Harmon* (1989) 208 Cal.App.3d 1496, 1500 [257 Cal.Rptr. 4].) In *Cappuccio,* section 821.6 immunity was held to bar libel and slander claims against a state officer who gave erroneous information in a public announcement concerning the plaintiffs' conviction for violations of the Fish and Game Code and Business and Professions Code: Although the statements were made after the plaintiffs were convicted, *Cappuccio* viewed a report on the outcome of a prosecution as part of the prosecution process. (*Cappuccio, Inc.,* at p. 1500.)

Respondents maintain that under *Kayfetz, Citizens Capital* and *Cappuccio,* the complaint in the present case is barred by section 821.6 immunity because respondents merely publicized the outcome of the disciplinary proceeding during the period before appellant's penalty was executed. *Citizens Capital* and *Cappuccio* are not of direct assistance in resolving the question presented here, however, as neither of these cases involved a settlement agreement or claimed breach thereof. While *Kayfetz* applied section 821.6 immunity in a case involving a settlement agreement, appellant correctly points out that *Kayfetz* did not address section 814.[3] Although *Kayfetz* referred to the physician's allegations that the publication "violated promised confidentiality" (*Kayfetz, supra,* 156 Cal.App.3d at p. 494), the opinion did not indicate whether the stipulation expressly contained a confidentiality provision, how the promise of confidentiality was alleged to have been made, or whether the complaint alleged any breach of contract claim.

---

[2] *Citizens Capital Corp. v. Spohn, supra,* 133 Cal.App.3d 887, applied section 821.6 immunity to bar a suit alleging certain state agencies instituted widespread publicity charging the plaintiffs with improper conduct in operating their collection services and instituted proceedings to revoke the plaintiffs' licenses. (*Citizens Capital Corp.,* at pp. 888-889.)

[3] *Kayfetz* stated that its finding that the defendants were immune from suit made it unnecessary to decide other issues raised by the parties, including "whether defendants breached promised confidentiality." (*Kayfetz, supra,* 156 Cal.App.3d at p. 499.)

In the present case, by contrast, appellant has specifically alleged that the settlement agreement expressly provided that the complainants would be notified only of the "outcome" of the proceeding, not the results or findings of OREA investigations or contents of the stipulation, that respondents represented the stipulation was a "private reproval and entirely confidential," and that respondents allegedly breached the stipulation by publishing letters to complainants indicating that respondents had performed a complete investigation and relating confidential information concerning the investigation, findings, conclusions and action taken against appellant.

The allegations of an express confidentiality agreement and breach thereof make it difficult to view *Kayfetz* as dispositive of the present case without further consideration. If appellant is correct that the stipulation in the present case is a standard settlement agreement subject to ordinary contract principles, this case pits the immunity granted by section 821.6 directly against the liability provision of section 814.

As indicated above, respondents argue that the stipulation in the present case was not really contractual because it was entered pursuant to a statutory scheme of discipline. They note that *Frankel v. Board of Dental Examiners, supra,* 46 Cal.App.4th 534, the main case upon which appellant relies in arguing that the stipulation is governed by ordinary contract principles, actually stated: "*Absent a statutory framework* governing enforcement of agreements to settle accusations brought by licensing agencies, the parties assert that their 'Stipulation and Settlement,' like civil settlement agreements generally, is governed by contract principles." (*Id.* at p. 544, italics added.) In *Frankel,* the statutes which gave the Board of Dental Examiners authority to investigate allegations of misconduct and institute disciplinary action did not expressly authorize settlement of disputes; rather, case law afforded the Board implied power to settle licensing disputes. (*Ibid.*) In the present case, the governing statutes and regulations expressly give respondents the authority to settle disciplinary matters. (Bus. & Prof. Code, § 11315.5; Cal. Code Regs., tit. 10, §§ 3741, 3729, subd. (c)(2).) Business and Professions Code section 11317 specifically provides that "private reprovals or letters of warning" are to remain confidential. The regulations further require the agency to develop a "confidential investigative report" on each complaint against a real estate appraiser (Cal. Code Regs., tit. 10, § 3728, subd. (a)) and to notify the complainant "that a confidential investigation has been commenced" and "of final action taken on the complaint." (Cal. Code Regs., tit. 10, § 3726, subd. (b).)

Respondents' argument that the stipulation in the present case is not contractual is not well taken. The statutory scheme upon which respondents

rely in making this argument simply authorizes the OREA to settle disciplinary disputes; it is silent as to the enforcement of such settlement agreements. The situation thus differs little from that in *Frankel v. Board of Dental Examiners, supra,* 46 Cal.App.4th 534. Additionally, the regulations impose the same requirement of confidentiality that appellant alleges was expressly included in the stipulation at issue. It would be anomalous to allow the existence of a statutory scheme requiring confidentiality as to all but the outcome of a disciplinary action to justify a failure to abide by the terms of a settlement agreement requiring the same confidentiality.

Indeed, to accept respondents' argument would be to hold that a settlement agreement with the state is completely unenforceable. We recognize that a settlement agreement is necessarily entered into as a part of the prosecution of a judicial or administrative proceeding. A settlement agreement, however, is nevertheless a contract. The policy underlying the immunity provision of section 821.6, as indicated above, is to allow public officers to discharge their public duties in pursuing prosecutions without fear of reprisal. This policy does not justify immunizing conduct constituting a breach of a settlement agreement. To hold state officers liable for breaching a settlement agreement would not have a chilling effect on the state's initiation and prosecution of judicial and administrative proceedings. Indeed, if the state could not be held liable for breaching a settlement agreement, state agencies would be hard pressed to convince parties to enter such agreements. Announcement of the outcome of a disciplinary proceeding may be part of the prosecution process within the meaning of section 821.6, but announcement of additional information in violation of both a settlement agreement and statutory provisions goes beyond any conduct appropriate for protection. Accordingly, appellant's claim of breach of a settlement agreement is not subject to immunity under section 821.6.

It bears reiterating that our review in this case is of the trial court's sustaining of respondents' demurrer, requiring us to accept as true the allegations of the complaint. It of course remains to be seen whether appellant can establish that respondents represented the stipulation was a private reproval; that the stipulation in fact prohibited respondents from informing the complainants of the results or findings of their investigations or of the contents of the stipulation; that respondents informed the complainants of information they were required to keep confidential and/or released information to persons other than the complainants; and any other facts necessary to prove his claims.

■ Appellant further argues that the trial court erred in sustaining the demurrer to his fifth and sixth causes of action for breach of a mandatory

duty. Under section 815.6, "[w]here a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." Appellant argues that respondents are required by statute and regulation to maintain the confidentiality of administrative investigations, findings and private reprovals and are liable for their failure to do so.

As discussed above, the fifth and sixth causes of action of appellant's first amended complaint allege that respondents breached a mandatory duty established by Business and Professions Code sections 11317 and 11315.5 and California Code of Regulations, title 10, sections 3726, 3728, 3729 and 3741 to maintain the confidentiality of the investigations, findings and actions taken against appellant. Appellant alleged that respondents represented that the stipulation he entered into was "a private reproval and entirely confidential."

Several of the statutory and regulatory provisions cited in the complaint appear to establish a mandatory duty to maintain the confidentiality of disciplinary investigations and of private reprovals; appellant, as indicated above, alleged that respondents represented that the stipulation constituted a "private reproval." Business and Professions Code section 11317 provides that the OREA "shall publish a summary of public disciplinary actions taken by the office," but "shall not publish identifying information with respect to private reprovals or letters of warning, which shall remain confidential." California Code of Regulations, title 10, section 3726 establishes the requirements for initiation of disciplinary proceedings, and subdivision (b) of that section provides that the "complainant shall be notified that a confidential investigation has been commenced . . . ; and shall be notified of final action taken on the complaint." California Code of Regulations, title 10, section 3728, subdivisions (a) and (d) provide that "[e]ach complaint shall result in a confidential investigative report," and that "[n]otwithstanding any other provision of this chapter, the Director may release information concerning confidential investigations and complaints to a law enforcement agency or to another regulatory agency to which the appraiser has applied for licensure." Section 3729 of title 10 of the California Code of Regulations, subdivision (a), provides for a discretionary "informal" conference to allow the appraiser "an opportunity to show why the Office should not proceed with a disciplinary action," and subdivision (b) provides that the office "shall not release or give out any information received in the conference or in connection with the confidential investigation report to any person

not authorized by law to receive such information."[4] The use of the term "shall" in these provisions denotes a mandatory obligation. (Bus. & Prof. Code, § 19;[5] see *Morris v. County of Marin* (1977) 18 Cal.3d 901, 907-908 [136 Cal.Rptr. 251, 559 P.2d 606].) The requirement that the investigation be kept confidential except in specified particulars must be viewed as aimed at protecting the privacy, reputation and business of the person subject to the complaint. As appellant alleged damage to his reputation and trade, he appears to have alleged that respondents failed to discharge a mandatory duty imposed by an enactment designed to protect against the type of injury caused by that failure. (See *Morris v. County of Marin, supra,* 18 Cal.3d at pp. 907-908.)

Respondents maintain that appellant cannot claim they violated a mandatory duty not to inform complainants of the outcome of the proceeding because appellant signed a stipulation that required notifying the complainants of that outcome. Respondents, however, ignore appellant's allegations that they breached their mandatory duty by informing the complainants of *more* than what the stipulation allowed, by generally publishing confidential information. Section 3726, subdivision (b) of title 10 of the California Code of Regulations provides that the complainant must be notified of the "final action taken on the complaint"; appellant alleged that the stipulation provided for notification to the complainants "only of the 'outcome' of the proceeding, and not the results or findings of OREA investigations, or the contents of the Stipulation." Appellant alleged that respondents "publish[ed] false or misleading information concerning [appellant's] trade, including without limitation representations that a complete investigation had been done, and other confidential representations." If indeed respondents informed the complainants of details the stipulation did not authorize them to reveal, or published information concerning the proceedings to persons other than the complainants, they would have exceeded the publication contemplated by the stipulation alleged by appellant. Notably, respondents do not suggest that they have no mandatory duty to maintain confidentiality as to matters other than the outcome of the proceeding. Rather, they argue only that appellant's fifth and sixth causes of action are also barred by section 821.6 employee immunity, applied to the public entity via section 815.2.

Section 821.6 does not provide a defense to a claim of breach of mandatory duty under section 815.6. (*Bradford v. State of California* (1973) 36

---

[4]Business and Professions Code section 11315.5 authorizes the director to settle administrative allegations "upon any terms and conditions as the director deems appropriate." California Code of Regulations, title 10, section 3741 provides certain terms for the settlement of disciplinary actions.

[5]Business and Professions Code section 19 provides that " '[s]hall' is mandatory and 'may' is permissive."

Cal.App.3d 16 [111 Cal.Rptr. 852].) In *Bradford*, the complaint alleged that the state breached a mandatory duty to record the dismissal of a criminal charge, resulting in the plaintiff's arrest for failure to register as a sex offender. The court rejected the state's argument that it was protected by section 821.6 immunity, finding that the *employee* immunity established by section 821.6 was not a defense to *entity* liability under section 815.6. *Bradford* explicitly acknowledged and rejected the theory that employee immunity would apply to a claim of entity breach of a mandatory duty because the entity's breach would necessarily consist of an employee's act or omission. (*Bradford v. State of California, supra,* 36 Cal.App.3d at p. 20, fn. 8.) "[T]he fact that derivative liability . . . may be nullified by an employee immunity in no way affects direct liability based on section 815.6. Such liability could only be negatived by a statutory entity immunity." (*Id.* at p. 21.)

Respondents make no attempt in their briefing to respond to this analysis, completely ignoring *Bradford* and misrepresenting appellant as having premised his mandatory duty argument entirely on *Shoemaker v. Myers* (1992) 2 Cal.App.4th 1407 [4 Cal.Rptr.2d 203]. *Shoemaker* held that the immunity provisions of section 821.6 did not operate to bar liability for a claimed violation of a whistleblower statute which imposed liability on "any state officer or employee" who engaged in the proscribed conduct. (*Shoemaker,* at p. 1423.) Respondents argue that *Shoemaker* created a narrow exception to immunity which is inapplicable in the present case. We need not resolve this point, as *Bradford v. State of California, supra,* 36 Cal.App.3d 16 independently establishes that section 821.6 does not provide immunity to a public entity for a claim based on section 815.6.

Again, we reiterate that the viability of appellant's claims will ultimately depend on his ability to prove his allegations concerning the contents of the stipulation and actions taken by respondents. This decision holds only that his claims survive a demurrer based on section 821.6 immunity.

The judgment is reversed and the matter remanded for proceedings consistent with the views expressed herein.

Lambden, J., and Ruvolo, J., concurred.