FILED

**NOT FOR PUBLICATION**

MAY 19 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUKHSANA CHAUDHRY; MOHAMMAD AFZAL CHAUDHRY; USMA CHAUDHRY; MOHAMMAD UMAR CHAUDHRY; ESTATE OF MOHAMMAD USMAN CHAUDHRY; ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA, | No. 11-55820 |
| | D.C. No. 2:09-cv-01592-RGK-RZ |
| Plaintiffs - Appellants, | |
| And | MEMORANDUM[*] |
| INTERFAITH COMMUNITIES UNITED FOR JUSTICE AND PEACE, | |
| Plaintiff, | |
| v. | |
| CITY OF LOS ANGELES; JOSEPH CRUZ; DAVID ROMO; COUNTY OF LOS ANGELES; LOS ANGELES COUNTY CORONER DEPARTMENT; ANTHONY HERNANDEZ; LAKSHMANAN SATHYAVAGISWARAN, | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Defendants - Appellees,

And

LOS ANGELES POLICE
DEPARTMENT; WILLIAM BRATTON,

Defendants.

---

RUKHSANA CHAUDHRY;
MOHAMMAD AFZAL CHAUDHRY;
USMA CHAUDHRY; MOHAMMAD
UMAR CHAUDHRY; ESTATE OF
MOHAMMAD USMAN CHAUDHRY;
ISLAMIC SHURA COUNCIL OF
SOUTHERN CALIFORNIA,

Plaintiffs - Appellees,

And

INTERFAITH COMMUNITIES UNITED
FOR JUSTICE AND PEACE,

Plaintiff,

v.

CITY OF LOS ANGELES,

Defendant - Appellant,

And

No. 11-55906

D.C. No. 2:09-cv-01592-RGK-RZ

2

JOSEPH CRUZ; DAVID ROMO; COUNTY OF LOS ANGELES; LOS ANGELES COUNTY CORONER DEPARTMENT; ANTHONY HERNANDEZ; LAKSHMANAN SATHYAVAGISWARAN; LOS ANGELES POLICE DEPARTMENT; WILLIAM BRATTON,

Defendants.

RUKHSANA CHAUDHRY; MOHAMMAD AFZAL CHAUDHRY; USMA CHAUDHRY; MOHAMMAD UMAR CHAUDHRY; ESTATE OF MOHAMMAD USMAN CHAUDHRY; ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA,

Plaintiffs - Appellees,

And

INTERFAITH COMMUNITIES UNITED FOR JUSTICE AND PEACE,

Plaintiff,

v.

JOSEPH CRUZ,

Defendant - Appellant,

And

No. 11-55907

D.C. No. 2:09-cv-01592-RGK-RZ

3

CITY OF LOS ANGELES; DAVID ROMO; COUNTY OF LOS ANGELES; LOS ANGELES COUNTY CORONER DEPARTMENT; ANTHONY HERNANDEZ; LAKSHMANAN SATHYAVAGISWARAN; LOS ANGELES POLICE DEPARTMENT; WILLIAM BRATTON,

Defendants.

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted January 6, 2014
Pasadena, California

Before: W. FLETCHER, M. SMITH, and WATFORD, Circuit Judges.

On March 25, 2008, Los Angeles Police Officer Joseph Cruz shot and killed Mohammad Usman Chaudhry ("Usman"). Usman's estate, his parents ("the Chaudhrys"), and his siblings ("the Siblings"), brought a number of claims against Cruz and various other defendants connected with the City and County of Los Angeles. Eventually, some of the estate's and the Chaudhrys' claims against Cruz and the City went to trial. Before trial, the district court disposed of the plaintiffs' other claims in favor of the various defendants.

4

This appeal presents many issues, a number of which we address in a published opinion filed concurrently with this memorandum disposition. In this memorandum disposition, we address issues not addressed in our opinion.

## A. Federal Constitutional Claims

*1. Substantive Due Process.* The Chaudhrys were not sufficiently deprived of their interest in the "possess[ion], control, [and] dispos[ition]" of Usman's remains, *Newman v. Sathyavaglswaran*, 287 F.3d 786, 796 (9th Cir. 2002), to support a substantive due process claim. California law creates a right to possession of a body for burial, but it does not create a right to burial on whatever terms the family desires. Parents have no right to stop a coroner from performing an autopsy, *id.* at 798 n.15, from removing organs, *Perryman v. Cnty. of L.A.*, 63 Cal. Rptr. 3d 732, 738 (Cal. Ct. App. 2007), or even from handling the body in a disrespectful or undignified manner, *id.* (citing *Sabow v. United States*, 93 F.3d 1445, 1458 (9th Cir. 1996)). Usman's decayed condition and the delay in burial, while tragic for the Chaudhrys, did not deprive them of any constitutionally protected property right.

*2. Equal Protection.* Summary judgment was proper on plaintiffs' equal protection claims because there is no evidence that any defendant acted with the

5

intent to discriminate against plaintiffs on the basis of their race or religion. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

3. *Free Exercise.* There is no genuine dispute that the Los Angeles Coroner Department's policies for locating decedents' families are generally applied and neutral with respect to religion. Therefore, the district court properly held that the policies' incidental effect on plaintiffs' religious beliefs did not violate their right to free exercise of religion. *See Emp't Div., Dep't of Human Res. v. Smith*, 494 U.S. 872, 878 (1990).

4. *Conspiracy.* Summary judgment was proper on plaintiffs' conspiracy claims because they introduced no "specific facts to show any agreement" among the defendants to violate their rights. *Woodrum v. Woodward Cnty.*, 866 F.2d 1121, 1126 (9th Cir. 1989).

5. Monell *Liability and Failure to Train.* In their opening brief, plaintiffs limit their claims for *Monell* liability, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), and failure to train, *see City of Canton v. Harris*, 489 U.S. 378 (1989), to the County of Los Angeles's failure to provide timely notification of Usman's death. Because plaintiffs have not shown that the County's conduct violated the Constitution, summary judgment was proper on their *Monell* and failure-to-train claims.

## B. State-Law Claims

*1. California Civil Code § 51.5.* The district court properly granted summary judgment to the defendants on plaintiffs' § 51.5 claim because, as with their equal protection claim, they have not provided evidence of discrimination.

*2. California Constitution.* In their opening brief, the Chaudhrys and the Siblings did not "specifically and distinctly" argue how they properly alleged violations of the California Constitution, so they have waived those claims. *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998). To the extent their state constitutional claims depend on their claims under the United States Constitution, the state claims fail for the same reasons those federal claims fail.

*3. Conversion.* The defendants are all immune from plaintiffs' claims for conversion. *See* Cal. Gov't Code §§ 815.2(b), 821.6. The Los Angeles Police Department collected and retained Usman's property as part of its investigation into the shooting. Therefore, the City defendants are immune. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 488 (9th Cir. 2007) (holding that § 821.6 immunity extends to all "actions taken in preparation for formal proceedings, including actions incidental to the investigation of crimes" (internal quotation marks omitted)); *Cnty. of L.A. v. Superior Court*, 104 Cal. Rptr. 3d 230, 239 (Cal. Ct. App. 2009). The County defendants also retained Usman's property as part of the

investigation into Usman's death, so they too are immune. *See Stearns v. Cnty. of L.A.*, 79 Cal. Rptr. 757, 759–60 (Cal. Ct. App. 1969).

To the extent plaintiffs rely on pre-investigation conduct, that conduct was not conversion. Conversion requires "an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use." *Hartford Fin. Corp. v. Burns*, 158 Cal. Rptr. 169, 172 (Cal. Ct. App. 1979). Police officers moving Usman's property was not conversion. *See Simonian v. Patterson*, 32 Cal. Rptr. 2d 722, 727 (Cal. Ct. App. 1994) ("The simple act of moving items . . . [does] not constitute a conversion of those items."). Cruz shooting Usman also was not an exercise of ownership or dominion over Usman's property.

*4. Intentional Infliction of Emotional Distress.* Summary judgment was proper on the Chaudhrys' IIED claim because there is no evidence that any defendant acted "with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Christensen v. Superior Court*, 820 P.2d 181, 202 (Cal. 1991).

## C. Shura's Standing

Shura argues that it has standing to seek injunctive relief on behalf of its members because its members "reside in Los Angeles County, and must—at some point—die. They will likely die in Los Angeles County and be served by

Coroner." That is too speculative to constitute an "injury in fact" for standing purposes. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Because Shura has not identified any individual member to whom the County's policies "threaten[] imminent and concrete harm," it lacks standing. *Id.* at 495; *see also City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983).

## Conclusion

We affirm the district court on all issues addressed in this memorandum disposition. For the reasons stated in our opinion, published concurrently with this memorandum disposition, we affirm in part and reverse in part on the issues addressed in the opinion, and we remand to the district court for further proceedings. Each side shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**