18-1377-cv
Dieter v. Quintilone

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand nineteen.

PRESENT:  PIERRE N. LEVAL,
          RAYMOND J. LOHIER, JR.,
          *Circuit Judges.*[1]

------------------------------------------------------------------

TYLER DIETER,

      *Plaintiff-Appellant*,

   v.                                                    No. 18-1377-cv

LINDSAY P. QUINTILONE, Individually,
Terminated: In official capacity as former
Assistant District Attorney of Livingston County,

      *Defendant-Appellee*,

---

[1] Judge Richard C. Wesley, originally a member of the panel, did not participate in consideration of this appeal.   The two remaining members of the panel, who are in agreement, have determined the matter.   See 28 U.S.C. § 46(d); 2d Cir. Internal Operating Procedure E; United States v. Desimone, 140 F.3d 457 (2d Cir. 1998).

COUNTY OF LIVINGSTON, THOMAS E. MORAN, Individually and in his official capacity as former District Attorney of Livingston County, OTHER KNOWN OR UNKNOWN MEMBERS OF LIVINGSTON COUNTY,

*Defendants.**

-----------------------------------------------------------------

FOR APPELLANT:  JEFFREY WICKS, Jeffrey Wicks, PLLC, Rochester, NY.

FOR APPELLEE:  JEREMY A. COLBY (Michael P. McClaren, *on the brief*), Webster Szanyi LLP, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Tyler Dieter appeals from a judgment of the District Court (Siragusa, J.) dismissing his claims against former Assistant District Attorney Lindsay P. Quintilone on the ground that Quintilone is entitled to absolute immunity. On

---

* The Clerk of Court is directed to amend the official caption as set forth above.

appeal, Dieter argues that Quintilone is not entitled to absolute immunity for her conduct during one of the interviews of the child whom Dieter was alleged to have sexually abused and for Quintilone's statement to the grand jury relating to that interview. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm. See L.H. v. Cty. of Livingston, No. 12-CV-6541, 2013 WL 5656209, at *5 (W.D.N.Y. Oct. 16, 2013), aff'd, 590 F. App'x 102 (2d Cir. 2015).

Whether a prosecutor is entitled to absolute immunity for specific actions "depends principally on the nature of the function performed." Ying Jing Gan v. City of New York, 996 F.2d 522, 530 (2d Cir. 1993). As the presentation of inculpatory evidence showing probable cause to the grand jury is an essential prosecutorial function, necessary to obtain an indictment, doing so is protected by absolute immunity. It is "intimately associated with the judicial phase of the criminal process." Simon v. City of New York, 727 F.3d 167, 171–72 (2d Cir. 2013) (quotation marks omitted). The prosecutor's reassurance of the child witness is a protected act of "advocacy" in the course of presenting her evidence to the grand jury. For the purpose of determining whether this prosecutor is

3

entitled to absolute immunity for placing the most crucial inculpatory evidence before the grand jury, and where Dieter admits that the purpose of taping the Child's testimony was to present it to a grand jury, there is no functional difference between creating a recording of the child's testimony for presentation to the grand jury pursuant to N.Y. CRIM. PROC. LAW § 190.32 and directly questioning the child in the grand jury. Both are the creation of the essential grand jury record. Quintilone was therefore entitled to absolute immunity for recording the child's testimony, including her misguided effort to reassure the child.

Dieter also argues that Quintilone is not entitled to absolute immunity because any probable cause dissipated by the start of the interview during which the child accused Dieter. Here, however, the child's denials, obviously influenced by her father's admonition "not to talk about" what had happened, did not refute the probable cause established by her earlier accounts.

We also reject Dieter's argument that Quintilone's statement to the grand jury regarding the relative importance of the four recordings of the child's testimony is not protected by absolute immunity. Her statement constituted the

4

sort of "advocacy" that is protected by absolute immunity. "The presentation of a case to a grand jury falls squarely within the prosecutor's traditional function and is thus subject to absolute immunity . . . ." Maglione v. Briggs, 748 F.2d 116, 118 (2d Cir. 1984); see Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995).

We have considered Dieter's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court